FILED
3/8 2019 ___ A.M. ___
CHERYL J. CASTLE, CLERK
CIRCUIT COURT CLERK
BY: _____

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| CUNNINGHAM UTILITY DISTRCT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. CC2019-CV-547 |
| v. ) | ~~19-C-292~~ |
| ) | |
| MUELLER SYSTEMS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Cunningham Utility District (hereinafter "CUD"), and for its cause of action would state as follows:

### PARTIES

1. CUD is a utility district with its principal place of business located at 125 Attaway Road, Clarksville, Tennessee 37040.

2. Mueller Systems, LLC f/k/a/ Hersey Company (hereinafter "Mueller"), is a Delaware corporation with its principal place of business located at 1200 Abernathy Road, Ste. 1200, Atlanta, Georgia 30328-5670. Mueller may be served through its registered agent, C.T. Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

### JURISDICTION AND VENUE

3. The Montgomery County Circuit Court has jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101, *et seq*, and § 16-10-113.

4. Venue is proper in Montgomery County, Tennessee, pursuant to Tenn. Code Ann. §§ 20-4-101 and 20-4-104 in that the substantial part of the events or omissions giving rise to the cause of action accrued.

1

## FACTUAL BACKGROUND

5. The Plaintiff adopts by reference and re-alleges Paragraphs 1 through 4 of the *Complaint* as if set out fully herein.

6. CUD supplies water to a majority of the people of southern Montgomery County, and sections of Cheatham and Dickson Counties.

7. In 2007, CUD and Mueller entered into a contract whereby Mueller would provide and warrant water meters to CUD.

8. The meters failed to properly register the amount of water being provided to CUD customers.

9. Pursuant to the warranty, CUD provided defective meters to Mueller under the return material authorization for Mueller to repair.

10. Mueller failed to properly repair the defective meters, which subsequently failed upon CUD reinstalling them.

11. CUD has incurred substantial water loss due to Mueller's defective meters.

12. CUD has incurred substantial damages in replacing Mueller's defective meters.

13. CUD has been damaged in an amount to be proven at trial but presently estimated to be in excess of Three Million Four Hundred Sixty-Five Thousand Twenty-Six and 05/100 Dollars ($3,465,026.05) due to Mueller's breach of the contract and the warranty failing of its essential purpose.

## COUNT I
### *Breach of Contract & Warranty*

14. CUD adopts by reference and re-alleges Paragraphs 1 through 13 of the *Complaint* as if set out fully herein.

15. Mueller contracted to provide CUD meters with good quality and free of defects.

16. Mueller breached the contract by providing CUD defective meters.

17. Mueller warranted the meters they provided to CUD pursuant to the contract.

18. Upon Mueller meters failing, CUD would send the defective meters to Mueller to repair the meters under the warranty.

19. Mueller would purportedly repair the meters, and then send the meters back to CUD as repaired.

20. CUD would reinstall the repaired meters under warranty, which subsequently failed.

21. Mueller's warranty failed of its essential purpose.

22. As a direct and proximate result of Mueller's breach of the contract and the warranty failing of its essential purpose, CUD has been damaged in an amount to be proven at trial but is presently estimated to be in excess of Three Million Four Hundred Sixty-Five Thousand Twenty-Six and 05/100 Dollars ($3,465,026.05).

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, CUD prays for the following relief:

(A) That proper process be issued and served upon the Defendant requiring the Defendant to appear and file an Answer to the Plaintiff's Complaint;

(B) That CUD be granted a judgment against the Defendant for breach of contract and/or warranty in an amount to be determined at trial, but presently estimated to be Three Million Four Hundred Sixty-Five Thousand Twenty-Six and 05/100 Dollars ($3,465,026.05) plus pre-judgment interest, post-judgment interest, court costs, and attorneys' fees;

(C) For such other general relief as this Honorable Court deems proper.

_[signature]_
Gregory L. Cashion (No. 10697)
Mason C. Rollins (No. 36540)
SMITH CASHION & ORR, PLC
3100 West End Avenue, Suite 800
Nashville, Tennessee 37201
(615) 742-8555
*Attorneys for Cunningham Utility District*

4